IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 20-143 |
| v. | : | DATE FILED |
| JEREL ANDRE WILLIAMS | : | VIOLATIONS: |
| | | 18 U.S.C. §§ 1341 (mail fraud – 8 counts) |
| | : | 18 U.S.C. §§ 1341, 3559(g) (mail fraud – 1 count) |
| | : | 26 U.S.C. § 7206(1) (filing a false tax return – 2 counts) |
| | : | Notice of Forfeiture |

S U P E R S E D I N G
I N D I C T M E N T

COUNTS ONE THROUGH EIGHT

THE GRAND JURY CHARGES THAT:

At all times relevant to this Superseding Indictment:

1.      Cisco Systems, Inc. ("Cisco") was a corporation based in San Jose, California specializing in providing internet networking hardware and software for business, government, and individuals. Cisco's core development areas were in switching and routing, which enabled Cisco customers to communicate through the use of the World Wide Web.

2.      Cisco manufactured, sold, and supported computer networking equipment on a global scale. Cisco supported its products through two means: (a) a Limited Lifetime Hardware Warranty Program and Enhanced Limited Lifetime Warranty Program offered with Cisco hardware and software (hereinafter a "Cisco Warranty"); and (b) a more comprehensive

suite of support offered to customers for a fee (called and referred to by Cisco as "SMARTnet" Service).

        3.      The Cisco Warranty and SMARTnet Service were not transferrable. That meant that any purchase of used or secondary-market Cisco equipment was not covered by the Cisco Warranty or SMARTnet Service even if it was purchased through a Cisco channel partner or distributor. Before used or secondary-market equipment could be placed under a new support contract, the requester was required to show proof of a valid software license or pay relicensing fees and must have had the equipment inspected to confirm that it was in proper working order and had been maintained appropriately.

        4.      When a customer needed technical assistance on a device that was under Warranty or SMARTnet service, the customer could open a Cisco service request ("SR") and report its problem to Cisco in one of the following ways: by telephone, email, or through Cisco's website (www.cisco.com).

        5.      Cisco maintained Technical Assistance Centers ("TAC") worldwide to process these requests for service. All requests for service generated an SR number, which was used to track the reported problem until it was resolved. Upon creation of the SR, information about the customer was captured as well as the specific product complaint. Once initiated, the SR was sent to a Cisco TAC engineer for problem diagnosis and resolution. The TAC engineer would determine if the customer was entitled to a replacement product under the terms of Cisco's Limited Warranty Program or SMARTnet service.

        6.      If the customer was entitled to a replacement product, TAC would generate a Return Material Authorization ("RMA") reference number, initiating the process to deliver a replacement product to the customer. Under Cisco's Warranty and SMARTnet Service

Programs, customers could be entitled to advance replacement, meaning that Cisco or one of its service centers would ship a replacement product to the customer before the customer sent back the faulty part, with the understanding that the faulty part would subsequently be returned to Cisco upon receipt by the customer of the replacement part. Cisco notified customers who received advance replacement that they must return the defective product.

7.      Most Cisco warranty replacement products were shipped from Cisco's warehouse located in Roanoke, Texas, via commercial interstate carrier Federal Express ("FedEx").

## THE SCHEME

8.      Beginning in or about July 2016 and continuing until on in about January 2018, within the Eastern District of Pennsylvania and elsewhere, defendant

### JEREL ANDRE WILLIAMS

with co-schemers known and unknown to the grand jury, devised and intended to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

9.      Defendant JEREL ANDRE WILLIAMS registered false domain names, including the false domain name "mark@alphateamcomp.org."

10.      Defendant JEREL ANDRE WILLIAMS established new email addresses using false identities, some of which were established using the false domain names, in order to hide his true identity and mislead Cisco into believing that the email addresses were associated with other persons who worked for false and non-existent companies.

3

11.     Defendant JEREL ANDRE WILLIAMS obtained and ascertained serial numbers for Cisco computer hardware that he did not own or possess.

12.     Defendant JEREL ANDRE WILLIAMS, and a co-schemer known to the grand jury working at the direction of defendant WILLIAMS (hereinafter "Co-Schemer #1"), contacted Cisco and initiated false warranty claims via telephone calls, emails, and online chats by providing legitimate serial numbers for Cisco products that they did not own or possess, as well as false names, false email addresses, false shipping addresses, and other false information, and by falsely claiming that they and/or the false companies they claimed to work for were the owners of the items in question and that the items were not working properly.

13.     Defendant JEREL ANDRE WILLIAMS and Co-Schemer #1 provided the customer service representatives for Cisco with descriptions of the supposed problems with the items that they claimed were broken that defendant WILLIAMS knew would prevent the customer service representatives from solving the problems through troubleshooting and would necessarily require the replacement of the supposedly faulty items.

14.     Defendant JEREL ANDRE WILLIAMS and Co-Schemer #1 provided Cisco with addresses at which the fraudulently-obtained replacement merchandise could be shipped, and caused Cisco to ship via FedEx the computer hardware from a warehouse in Roanoke, Texas, to addresses where they were picked up by defendant WILLIAMS or Co-Schemer #1.

15.     Through the false submission of false warranty claims and the various false statements, defendant JEREL ANDRE WILLIAMS and Co-Schemer #1 caused Cisco to ship in interstate commerce via commercial interstate carrier at least approximately 157 warranty replacement products, each with a retail value of between approximately $3,693 and $34,500, to

4

which they had no legitimate right, to addresses throughout the United States, including addresses in Wynnewood, Pennsylvania, Cherry Hill, New Jersey, Wilmington, Delaware, Las Vegas, Nevada, Henderson, Nevada, La Jolla, California, San Diego, California, Arlington, Texas, Dallas, Texas, and Fort Worth, Texas.

16.     Defendant JEREL ANDRE WILLIAMS and Co-Schemer #1 traveled to the addresses to which they had the fraudulently-obtained Cisco replacement items shipped, in order to pick up the fraudulently-obtained merchandise.

17.     Defendant JEREL ANDRE WILLIAMS and Co-Schemer #1 promised Cisco that they would send back the supposedly broken products, when in fact they never owned the products in question and never shipped back any broken products.

18.     Defendant JEREL ANDRE WILLIAMS sold the fraudulently-obtained Cisco computer hardware that he obtained during and in furtherance of this scheme to companies that were in the business of purchasing and reselling computer hardware.

## **MAIL FRAUD**

19.     On or about each of the following dates, in the Eastern District of Pennsylvania, District of New Jersey, District of Delaware, District of Nevada, Southern District of California, and elsewhere, defendant

### **JEREL ANDRE WILLIAMS**

alone and with one or more co-schemers known to the Grand Jury, for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by mail and commercial interstate carriers, according to the directions thereon, the following items:

| COUNT | DATE | FROM | TO | DESCRIPTION OF ITEM |
|-------|------|------|-----|---------------------|
| ONE | December 13, 2016 | Roanoke, Texas | San Diego, California | Cisco Model # WS-C3750X-48PF-S, retail value of at least $9,660, shipped via FedEx, tracking # 714903469172, in response to Cisco SR # 681458216 |
| TWO | December 20, 2016 | Roanoke, Texas | Wynnewood, Pennsylvania | Cisco Model # WS-C3850-48PW-SZ, retail value of at least $8,700, shipped via FedEx, tracking # 714903517947, in response to Cisco SR # 681492168 |
| THREE | December 20, 2016 | Roanoke, Texas | Wynnewood, Pennsylvania | Cisco Model # WS-C3750X-48PF-S, retail value of at least $9,660, shipped via FedEx, tracking # 714903523493, in response to Cisco SR # 681496973 |
| FOUR | December 22, 2016 | Roanoke, Texas | Wynnewood, Pennsylvania | Cisco Model # WS-C2960X-48LPD-L, retail value of at least $4,197, shipped via FedEx, tracking # 714903540875, in response to Cisco SR # 681502880 |
| FIVE | April 14, 2017 | Roanoke, Texas | Cherry Hill, New Jersey | Cisco Model # WS-C3850-24S-E, retail value of at least $14,400, shipped via FedEx, tracking # 786248901738, in response to Cisco SR # 682157858 |
| SIX | April 18, 2017 | Roanoke, Texas | Wilmington, Delaware | Cisco Model # WS-C3850-24S-S, retail value of at least $12,000, shipped via FedEx, tracking # 729953590440, in response to Cisco SR # 682154784 |
| SEVEN | December 11, 2017 | Roanoke, Texas | Las Vegas, Nevada | Cisco Model # WS-C3650-48PS-E, retail value of at least $10,040, shipped via FedEx, tracking # 409739873439, in response to Cisco SR # 683596802 |
| EIGHT | January 5, 2018 | Roanoke, Texas | San Diego, California | Cisco Model # WS-C3850-12X48U-S, retail value of at least $9,366, shipped via FedEx, tracking # 409739918688, in response to Cisco SR # 683715027 |

All in violation of Title 18, United States Code, Section 1341.

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 18 of Count One are incorporated here.

      2.      On or about January 15, 2018, in the Northern District of Texas, District of Delaware, and elsewhere, defendant

### JEREL ANDRE WILLIAMS

alone and with one or more co-schemers known to the grand jury, for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by mail and commercial interstate carriers, according to the directions thereon, one Cisco Model # WS-C3850-24S-S, retail value of at least $12,240, shipped via FedEx, tracking # 789359031919, from Columbus, Ohio to Wilmington, Delaware, in response to Cisco SR # 683774408, which was submitted using the user ID "mark@alphateamcomp.org."

      All in violation of Title 18, United States Code, Sections 1341 and 3559(g).

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 15, 2016, in Mansfield, Texas, in the Northern District of Texas, and elsewhere, defendant

### JEREL ANDRE WILLIAMS

willfully made and subscribed a United States income tax return, Form 1040, for the calendar year 2015, which was verified by a written declaration and electronic personal identification number attesting that it was made under the penalty of perjury and filed with the Director, Internal Revenue Service Center, which defendant WILLIAMS did not believe to be true and correct as to every material matter, in that the return reported gross receipts of approximately $212,124, when, as defendant WILLIAMS then knew, he failed to report additional gross receipts of approximately $284,741.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 15, 2017, in Mansfield, Texas, in the Northern District of Texas, and elsewhere, defendant

### JEREL ANDRE WILLIAMS

willfully made and subscribed a United States income tax return, Form 1040, for the calendar year 2016, which was verified by a written declaration and electronic personal identification number attesting that it was made under the penalty of perjury and filed with the Director, Internal Revenue Service Center, which defendant WILLIAMS did not believe to be true and correct as to every material matter, in that the return reported gross receipts of approximately $188,358, when, as defendant WILLIAMS then knew, he failed to report additional gross receipts of approximately $349,177.

In violation of Title 26, United States Code, Section 7206(1).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     As a result of the violations of Title 18, United States Code, Sections 1341 set forth in this Indictment, defendant

### JEREL ANDRE WILLIAMS

shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offenses, including but not limited to $344,690 in United States currency (money judgment).

      2.     If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred to, sold to, or deposited with a third party;

      c.     has been placed beyond the jurisdiction of this Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and 28 U.S.C.

Section 2461.

A TRUE BILL:

_____

_____ for

**WILLIAM M. McSWAIN**
**UNITED STATES ATTORNEY**

No._ _ _ _ _ _ _ _ _ _

## UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

## THE UNITED STATES OF AMERICA

vs.

## JEREL ANDRE WILLIAMS

INDICTMENT

Counts
18 U.S.C. § 1341 (mail fraud – 8 counts)
18 U.S.C. §§ 1341, 3559(g) (mail fraud – 1 count)
26 U.S.C. § 7206(1) (filing a false tax return – 2 counts)
Notice of forfeiture

Filed in open court this ___14TH___ day,
Of ___OCTOBER___ A.D. 20 __20__

_____
Clerk

Bail, $_____