# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 2:20-cr-00143-JMG |
| : | |
| JEREL ANDRE WILLIAMS : | |
|           Defendant. : | |

## MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                                                                    June 30, 2021

Defendant Jerel Andre Williams has filed pretrial motions seeking (1) a bill of particulars; (2) to compel the production of *Brady* materials; and (3) to compel the production of instructions used before the grand jury. *See* ECF Nos. 20–22. The Government has responded to each motion. *See* ECF Nos. 23–25. For the reasons provided below, we will deny Williams' motions for a bill of particulars and to compel the production of grand jury materials. We will grant in part Williams' motion to compel the production of *Brady* materials, and, pursuant to Federal Rule of Criminal Procedure 5(f)(1), issue an order confirming the Government's compliance with *Brady*.

## I.      BACKGROUND

Williams is charged with eight counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of mail fraud, in violation of 18 U.S.C. §§ 1341, 3559(g), and two counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1). *See* ECF No. 5. These charges stem from an alleged multiyear scheme to defraud Cisco Systems, Inc. ("Cisco") of computer hardware. *Id.* The Superseding Indictment alleges that Williams and a co-schemer secured "approximately 157 warranty replacement products" by submitting "false warranty claims and . . . various false

statements" to Cisco. *Id.* at 4. Williams and his co-schemer purportedly hid their identities by using email addresses with false domain names. *Id.* at 3.

## II. DISCUSSION

### A. Motion for a Bill of Particulars

Williams first moves for a bill of particulars. *See* ECF No. 20. "A bill of particulars is 'a formal written statement by the prosecutor providing details of the charges against the defendant.'" *United States v. Islam*, No. 20-cr-00045, 2021 WL 312580, at *1 (E.D. Pa. Jan. 29, 2021) (quoting *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 429 (3d Cir. 2016)). Its purpose "is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971).

Williams seeks a bill of particulars on the grounds that the Superseding Indictment "is vague and indefinite concerning certain allegations in Counts 1–9 regarding the alleged scheme and the registering of false domain names to hide his identity." ECF No. 20 at 2. He therefore requests further information on how he allegedly "registered false domain names to hide his identity," and how he is connected to the alleged 157 false warranty claims referenced in the Superseding Indictment. *Id.* at 3. The Government responds that the Superseding Indictment "thoroughly sets forth the fraud scheme in question and apprises the defendant of the nature of the charges so as to enable him to prepare a defense." ECF No. 23 at 6. The Government further notes that it has produced thousands of pages of discovery, plus audio and video evidence, and even engaged in a "reverse proffer" with Williams. *See id.* at 6–7.[1]

---

[1] At this "reverse proffer" session, the Government outlined its case against Williams. ECF No. 23 at 7 n.1. The Government has indicated its willingness to perform another "reverse proffer" at Williams' request. *Id.*

2

Under Federal Rule of Criminal Procedure 7(f), a court can direct the Government to file a bill of particulars. *See also Addonizio*, 451 F.2d at 64 ("[T]he granting of a bill of particulars remains a discretionary matter with the trial court . . . ."). While the Federal Rules of Criminal Procedure "encourage a more liberal attitude by the courts toward bills of particulars," FED. R. CRIM. P. 7 advisory committee's note to 1966 amendments, "a bill of particulars is not a tool for broad factual discovery." *Islam*, 2021 WL 312580, at *2; *see also United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) ("A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation."); *United States v. Smukler*, 330 F. Supp. 3d 1050, 1067 (E.D. Pa. 2018) ("Defendant is not entitled to wholesale discovery of the Government's evidence . . . ." (internal quotation marks and citation omitted)). Rather, we should only order the production of a bill of particulars "if an indictment is so vague that it 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'" *United States v. Evans*, No. 12-616-9, 2015 WL 1072217, at *2 (E.D. Pa. Mar. 11, 2015) (quoting *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989)); *see also Smith*, 776 F.2d at 1111 (a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation").

With this guidance in mind, a bill of particulars is unnecessary here. The Superseding Indictment sufficiently "inform[s] [Williams] of the nature of the charges brought against him." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (internal quotation marks and citation omitted). Further, the ample discovery in this case lessens the need for a bill of particulars.[2] *See,*

---

[2] To that end, Williams does not allege any deficiencies with the Government's production of discovery. Rather, he takes issue with the Government's "avalanche of produced discovery," which purportedly fails to give "adequate notice of the parameters of the [G]overnment's case against him." ECF No. 20 at 3–4. Williams' request will be denied because we find that the Superseding Indictment is sufficiently detailed, "the [G]overnment has provided basically open

*e.g., id.* at 772 ("[A]ccess to discovery further weakens the case for a bill of particulars here."); *United States v. Ligambi*, No. 09-00496-01, 2012 WL 2362638, at *2 (E.D. Pa. June 21, 2012) ("[W]hen the government supplements a detailed charging document with substantial discovery, defendant's claim for a bill of particulars is further weakened."). Finally, a bill of particulars is inappropriate to the extent Williams seeks "disclosure of every detail of the theory of the Government's case." *United States v. Reed*, No. 18-0101, 2019 WL 80252, at *3 (W.D. Pa. Jan. 2, 2019); *see also id.* (noting that a defendant is "not entitled to discover the Government's strategy nor an outline of its case").

### B. Motion to Compel Production of *Brady* Materials

Williams next moves to compel the production of *Brady* materials. *See* ECF No. 21. *Brady v. Maryland*, 373 U.S. 83, 87 (1963), established that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The *Brady* rule was later refined to require the disclosure of "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." *United States v. Friedman*, 658 F.3d 342, 357 (3d Cir. 2011) (quoting *United States v. Milan*, 304 F.3d 273, 287 (3d Cir. 2002)).

Last year, Congress passed the Due Process Protections Act. *See* Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (2020). That law amended Federal Rule of Criminal Procedure 5, which now requires that "[i]n all criminal proceedings . . . the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation

---

discovery of its evidence . . . and the length of time, from the filing of the indictment and the production of the [G]overnment's evidence, until the date of trial, provides ample opportunity for preparation." *United States v. Kemp*, No. 04-cr-370, 2004 WL 2757867, at *9 (E.D. Pa. Dec. 2, 2004).

4

of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law." FED. R. CRIM. P. 5(f)(1).

Williams does not allege prosecutorial misconduct in violation of *Brady*. *See* ECF No. 21 at 10. Rather, he seeks a prophylactic order "to ensure all *Brady* material is provided in advance of trial." *Id.* He further requests that the Government "review all of the information" *already* produced to identify any *Brady* material. *Id.* at 7. In response, the Government notes that it "is well aware of its *Brady* obligations" and "is not holding on to discovery to produce it later." ECF No. 24 at 1–2.

While there is no indication that the Government has violated, or will violate, its *Brady* obligations, the Due Process Protections Act compels an order confirming the Government's compliance with *Brady*. *See, e.g.*, *United States v. Hossain*, No. 19-CR-606, 2020 WL 6874910, at *6 (S.D.N.Y. Nov. 23, 2020) (issuing order under the Due Process Protections Act); *United States v. Ryan*, No. 20-65, 2021 WL 795980, at *2 (E.D. La. Mar. 2, 2021) (same). The accompanying order reminds the Government of its obligation to timely disclose information favorable to the defense as to criminal liability on the charged offenses or mitigation of any punishment that may be imposed. Such favorable information includes information that may cast doubt on the credibility of government witnesses. Possible consequences for violating this order include exclusion of evidence, dismissal of charges, contempt proceedings, disciplinary referral, and any other relief authorized by law.

### C. Motion to Compel Production of Grand Jury Instructions

Williams finally moves to compel production of the instructions used before the grand jury. *See* ECF No. 22. There is a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *Dennis v. United States*, 384 U.S. 855, 869 (1966) (quoting

*United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958)). Nevertheless, Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) authorizes disclosure "of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

"As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989). In other words, a party seeking access to grand jury materials must make "a strong showing of particularized need . . . before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983); *see also McDowell*, 888 F.2d at 289 ("[A] party must show a particularized need for that information which outweighs the public interest in secrecy.").

Williams has not met this high standard. In support of his motion, Williams notes that there was "a significant prospect for error in the Government's instructions to the Grand Jury." ECF No. 22 at 6. Because the Superseding Indictment alleges that Williams fraudulently obtained over 100 products from Cisco, he is unsure how "the Government possibly could have provided guidance to the Grand Jury before it made its determination that probable cause existed to indict [him] on Count 9, for Mail Fraud." *Id.* at 5.

Mere speculation that the Government improperly instructed the grand jury does not pass muster. Indeed, "courts generally reject unsupported beliefs and conjectures as grounds for disclosure of grand jury materials to defendants." *United States v. Shane*, 584 F. Supp. 364, 367 (E.D. Pa. 1984). That principle has been invoked in similar cases, and it applies with full force here. *See, e.g.*, *United States v. Holzwanger*, No. 10-00714, 2011 WL 1741920, at *10 (D.N.J. May 4, 2011) (rejecting defendants' speculation "that there is a likelihood that the Government improperly instructed the jury on the law"); *United States v. Chalker*, No. 12-0367, 2013 WL

4547754, at *7 (E.D. Pa. Aug. 27, 2013) ("[A] bald assertion, without any factual basis, is insufficient to meet [the] heavy burden of establishing a particularized need for disclosure." (citing *Shane*, 584 F. Supp. at 367)). Accordingly, we will deny Williams' motion to compel production of grand jury materials.

### III. CONCLUSION

For the foregoing reasons, Williams' motions are granted in part and denied in part. An appropriate order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge