# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 2:20-cr-00143-JMG |
| | : | |
| JEREL ANDRE WILLIAMS | : | |
| Defendant. | : | |

## ORDER

**AND NOW,** this 4th day of August, 2021, after consideration of the Motion to Withdraw as Counsel (ECF No. 32), it is hereby **ORDERED** that the Motion (ECF No. 32) is **GRANTED**, and that Troy A. Archie and Tamika Mckoy shall not be required to perform any further legal services for or represent Defendant Jerel Andre Williams in the above-captioned case.

**IT IS FURTHER ORDERED** that the Federal Community Defender Office for the Eastern District of Pennsylvania is appointed to represent the Defendant in this action.[1]

---

[1] On October 14, 2020, the United States of America filed a Superseding Indictment against Defendant Jerel Andre Williams, charging him with: eight counts of mail fraud, in violation of 18 U.S.C. § 1341; one count of mail fraud, in violation of 18 U.S.C. §§ 1341, 3559(g); and two counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1). *See* ECF No. 5. Tamika Mckoy had previously entered her appearance for Defendant, and, on October 23, 2020, we granted Troy Archie's application for admission *pro hac vice*. *See* ECF Nos. 3, 7.

On July 23, 2021, Archie and Mckoy filed a motion to withdraw as defense counsel, stating that "Mr. Williams consistently has failed to meet certain financial obligations under the terms of [their] long-standing written fee agreement, despite numerous oral and written requests that he do so since in or about April of 2021." *See* ECF No. 32 at 2. Defense counsel is "in a position of growing economic 'conflict' with Mr. Williams." *Id.* at 3. Indeed, Defendant has indicated that "he has no intention of providing additional legal fees for trial preparation or trial, despite his intention to proceed to trial in this matter, and despite that he has no advance retainer fees currently maintained by counsel." *Id.* at 2. The Government does not oppose the motion.

Under Local Criminal Rule 44.1, the "appearance [of a lawyer representing a defendant in any criminal proceeding] shall constitute a representation to the Court that counsel so appearing shall represent the defendant until final disposition of the case in this Court. No appearances may be withdrawn except by leave of Court." When faced with a motion to withdraw, "the court must weigh the reasons for which counsel seeks to withdraw, the prejudice to the client and other litigants, the harm to the administration of justice, and delay in the resolution of the matter." *United States v. Fattah*, 159 F. Supp. 3d 545, 548 (E.D. Pa. 2016) (citing *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998)). We must also consider the Sixth Amendment, which guarantees a defendant the right to a speedy trial and the assistance of counsel for his defense. *See* U.S. CONST. amend. VI. While we are mindful that "[n]on-

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation," *United States v. Heron*, 513 F. Supp. 2d 393, 398 (E.D. Pa. 2007) (quoting *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006)), the decision "whether to allow withdrawal is within the sound discretion of the court." *Fattah*, 159 F. Supp. 3d at 548 (citing *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986)).

Under the circumstances, we find good cause for withdrawal. First, the parties recently consented to a continuance of the trial date. *See* ECF No. 27. Trial is now scheduled for January 2022. *See id.* Though granting the motion may "further delay the resolution of the matter, that delay will not be so unreasonable." *United States v. Totoro*, No. 15-cr-291, 2016 U.S. Dist. LEXIS 122902, at *7 (E.D. Pa. Sept. 9, 2016). In other words, it is not unreasonably "late in the game for counsel to be seeking to pull out of this case." *Fattah*, 159 F. Supp. 3d at 549 (collecting cases).

Second, granting withdrawal will not prejudice Williams's defense. Attached to the motion is a financial affidavit, wherein Williams certifies that he is unemployed and earns zero dollars each month. *See* ECF No. 32-1. "[I]n light of the Court's ability in this instance to quickly appoint substitute counsel," we find no prejudice. *Totoro*, 2016 U.S. Dist. LEXIS 122902, at *7. Indeed, this order appoints the Federal Community Defender Office to replace Archie and Mckoy as Williams's counsel. Protection of Williams's constitutional right to the assistance of counsel, therefore, does not depend on our denial of the instant motion. *Compare Fattah*, 159 F. Supp. 3d at 549–50; *Heron*, 513 F. Supp. 2d at 399. If anything, denial of the motion would place Williams at "a distinct disadvantage," as his unwillingness to pay *any* legal fees directly impacts counsel's trial preparation efforts. *See* ECF No. 32 at 3.

In sum, the emergent conflict between Williams and his counsel justifies the appointment of new representation. Archie and Mckoy will be permitted to withdraw from the case.