UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,. | Case No. 2:20-cr-00143-JMG | |
| . | | |
| Plaintiff, . | | |
| . | Edward N. Cahn U.S. | |
| v. . | Courthouse & Federal Building | |
| . | 504 W. Hamilton Street | |
| JEREL ANDRE WILLIAMS, . | Allentown, PA 18101 | |
| . | | |
| Defendant. . | | |
| . | June 29, 2022 | |
| . . . . . . . . . . . .. | 2:39 p.m. | |

TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE HONORABLE JOHN M. GALLAGHER
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Government:        MICHAEL S. LOWE, ESQ.
                          U.S. ATTORNEY'S OFFICE
                          EASTERN DISTRICT OF PENNSYLVANIA
                          615 Chestnut Street, Suite 1250
                          Philadelphia, PA 19106

For the Defendant:        NATASHA TAYLOR-SMITH, ESQ.
                          FEDERAL COMMUNITY DEFENDER OFFICE
                          FOR THE EASTERN DISTRICT OF
                          PENNSYLVANIA
                          601 Walnut Street, Suite 545 West
                          Philadelphia, PA 19106

Audio Operator:           CHRISTINE C. STEIN

TRANSCRIBED BY:           Marie A. Doroff

Proceedings recorded by electronic sound
recording, transcript produced by transcription service.

1          THE CLERK:  All rise. The United States District

2   Court for the Eastern District of Pennsylvania is now in

3   session, Judge John M. Gallagher presiding.

4          THE COURT:  Welcome to Allentown, everybody.  Please

5   be seated.  Make yourself comfortable.

6          MR. LOWE:  Good afternoon, Your Honor.

7          MS. TAYLOR-SMITH:  Good afternoon, Your Honor.

8          THE COURT:  Good afternoon.  Good afternoon.

9          Ladies and gentlemen, we're here this afternoon on

10   the matter of United States vs. Jerel Andre Williams. That's

11   criminal docket number 20-143.

12          Counsel, I understand that we're here for the purpose

13   of entering a guilty plea.

14          MS. TAYLOR-SMITH:  That's correct, Your Honor.

15          THE COURT:  Terrific.  Okay.  So, we'll start with

16   the Government.  Welcome back.  This is the United States

17   Attorney Michael Lowe.

18          MR. LOWE:  Thank you, Your Honor.

19          THE COURT:  Will you introduce us to your colleagues?

20          MR. LOWE:  Your Honor, I'm here with Special Agent

21   Richard Martin of the Internal Revenue Service Criminal

22   Investigation Division.

23          THE COURT:  Welcome.

24          MR. MARTIN:  Hi.

25          MR. LOWE:  And FBI Special Agent Sean Norman on the

1  far end.

2          THE COURT:  Agent Norman, welcome.  Good to see you.

3          And then, we have Attorney Taylor-Smith.  It's nice

4  to see you again.

5          MS. TAYLOR-SMITH:  Nice to see you as well, Your

6  Honor.  Thank you.  Good afternoon.

7          THE COURT:  And we also have your client,

8  Mr. Williams.

9          MS. TAYLOR-SMITH:  That's correct.

10         THE COURT:  Mr. Williams, welcome.  It's good to make

11 your acquaintance.

12         MR. WILLIAMS:  Nice to meet you.

13         THE COURT:  All right.  So, folks, there's a number

14 of things that we have to do today.  And there'll be a number

15 of questions that I have to ask Mr. Williams.  So we're going

16 to have to put him under oath, okay?

17         Ms. Stein, would you do that?

18             JEREL ANDRE WILLIAMS, DEFENDANT, SWORN

19         THE COURT:  Thank you, sir.  And I neglected to

20 introduce -- or welcome, at least -- James Stroup from United

21 States Pretrial Services.

22         MR. STROUP:  Good afternoon, Your Honor.

23         THE COURT:  Good to see you again, and thank you for

24 the information you've been providing us in this case.  Much

25 appreciated, so --

1          Mr. Williams, Ms. Stein just administered the oath to

2    you.  Let's -- I just want to take a moment to discuss that.

3          An oath is a very serious promise you're making.  You

4    promise that you're going to tell the truth.  And there are

5    consequences.  If you answer any of the questions I have in

6    here today falsely, then there could be significant negative

7    consequences for you.  Including, you could be -- you could

8    even be prosecuted for making false statements in this

9    proceeding.  You could be prosecuted for perjury.  So you

10   understand the seriousness and the consequences of the oath?

11         THE WITNESS:  Yes.

12         THE COURT:  If there's any time, sir, that you don't

13   understand anything that I'm saying or if I can clarify

14   something for you or I'm speaking too softly or too quickly,

15   please, just let me know.  Raise your hand, and I'll be happy

16   to explain what I'm saying.  And I -- it's just -- it's

17   critical that I make sure that you understand everything that

18   we're discussing in here today.  Does that sound fair?

19         THE WITNESS:  Yes.

20         THE COURT:  And of course, if at any time you need to

21   speak to Attorney Taylor-Smith, just let me know that too.

22   That's your absolute right.  We'll take a break.  You'll have

23   the opportunity to speak in private, and you can make that

24   request at any time.  Sound good?

25         THE WITNESS:  Sounds good.

1           THE COURT:  Okay.  Attorney Lowe, I looked at the

2    bail paperwork here, and it might be a matter of the -- this

3    case was initially before a magistrate judge before all the

4    rules of -- Criminal Procedure Rule 5(f) and the Due Process

5    Protection Act came in because I didn't see an indication.

6           So anyway, in an abundance of caution, as I know you

7    understand from your many years' experience, but it must be

8    said that the Government is obligated, pursuant to United

9    States Supreme Court case law such as Brady vs. Maryland and

10   Giglio vs. The United States and the other cases as well as

11   statutes, to timely disclose information that's favorable to

12   the defense as to criminal liability on the charged offenses or

13   on potential mitigation of any punishment that may be imposed.

14    Such favorable information includes information that may cast

15   doubt on the credibility of Government witnesses.  Has the

16   United States complied with these obligations?

17           MR. LOWE:  Yes, Your Honor.

18           THE COURT:  And I know I've asked you this before,

19   Attorney Lowe, that you understand that there are potential

20   serious consequences for the Government in -- for violating

21   these obligations.  It could result in the exclusion of

22   evidence, the dismissal of charges, contempt proceedings,

23   disciplinary referrals, and any other relief authorized by law

24   of an unpleasant nature.

25           MR. LOWE:  Yes, Your Honor.

1          THE COURT:  Okay.  And you're aware of that, and you

2     understand your obligations are ongoing.

3          MR. LOWE:  Yes, Your Honor.

4          THE COURT:  Okay.  Thank you very much.

5          And Attorney Lowe, is there any victims that need to

6     be notified and have indicated that they would like to attend

7     here at today's proceeding?

8          MR. LOWE:  No, Your Honor.  The primary victim here

9     is Cisco Systems Inc.  They're aware of the proceedings.  They

10    have no interest in sending anyone to today's proceeding.

11         THE COURT:  Very good, very good.

12         Mr. Williams, I'm going to talk to you for a couple

13    minutes now.  I need to be sure that your guilty plea today is

14    knowing, intelligent, and voluntary, and that the decision to

15    plead guilty is your decision and your decision alone, and it

16    is because you are truly guilty.  Do you understand that?

17         THE WITNESS:  Yes.

18         THE COURT:  So, if you would -- I do know the answers

19    to a lot of these questions, but we have to have a dialogue

20    again so that I can be comfortable that you understand all of

21    today's proceedings.  Sound fair?

22         THE WITNESS:  Sounds fair.

23         THE COURT:  So if you would, please state your full

24    name for the record.

25         THE WITNESS:  Jerel Andre Williams, Sr.

```
 1                THE COURT:  And, Mr. Williams, how old are you?
 2                THE WITNESS:  Forty-nine.
 3                THE COURT:  Can you read, write, and speak the
 4    English language?
 5                THE WITNESS:  Yes.
 6                THE COURT:  And how far did you go in school?
 7                THE WITNESS:  Three years of college.
 8                THE COURT:  Have you ever been or are you now being
 9    treated for a drug or alcohol addiction?
10                THE WITNESS:  No.
11                THE COURT:  Have you taken any drugs or alcohol today
12    or yesterday or this week?
13                THE WITNESS:  No.
14                THE COURT:  Are you currently taking any prescription
15    medications?
16                THE WITNESS:  No.
17                THE COURT:  Have you ever been treated for or
18    diagnosed with any type of mental illness?
19                THE WITNESS:  No.
20                THE COURT: Have you, sir, spoken with your attorney,
21    and has she fully explained to you your trial rights?  That is,
22    when you're charged with a crime, you have a right to plead not
23    guilty and to go to trial. And then you would have certain
24    rights at trial.  Have you discussed this with your counsel?
25                THE WITNESS:  Yes.
```

1              THE COURT:  Have you discussed with her the charges

2    against you?

3              THE WITNESS:  Yes.

4              THE COURT:  And in your discussions -- and I don't

5    want you to get too particular, but have you and your lawyer

6    discussed any possible defenses that you might have to the

7    charges?

8              THE WITNESS:  Yes.

9              THE COURT:  So are you comfortable, Mr. Williams,

10   that you've had enough time to discuss this matter with

11   Attorney Taylor-Smith?

12             THE WITNESS:  Yes.

13             THE COURT:  And are you fully satisfied with the

14   representation and advice that have been given to you by

15   Attorney Taylor-Smith?

16             THE WITNESS:  Yes.

17             THE COURT:  And Attorney Taylor-Smith, from your

18   perspective, have you had enough time to discuss this matter

19   with Mr. Williams?

20             MS. TAYLOR-SMITH:  I have, Your Honor.

21             THE COURT:  Thank you so much.  I understand there's

22   a guilty plea agreement.  I have the copy here.  I note that

23   there was a brief amendment.  It appears to be signed by both

24   parties.  That's on page 9 of the agreement.

25             MR. LOWE:  Your Honor, that's actually on the guilty

1   plea memo.

2          THE COURT:  Oh, that's a change in plea memo.  Okay.

3   Very good.  I stand corrected.  So -- the guilty plea

4   agreement has no amendments.

5          MR. LOWE:  That's correct, Your Honor.

6          THE COURT:  Okay.  Very good.  And does -- I have a

7   copy of the executed guilty plea agreement.  Does each side

8   have one?

9          MS. TAYLOR-SMITH:  Yes, Your Honor.

10          MR. LOWE:  Yes, Your Honor.

11          THE COURT:  Okay.  So, Mr. Williams, I'd like you to

12   keep a copy of that guilty plea agreement in front of you so we

13   can discuss it.  You had stated that Attorney Taylor-Smith had

14   gone over the charges that you are facing, correct?

15          THE WITNESS:  Correct.

16          THE COURT:  And you also reviewed the guilty plea

17   agreement with her?

18          THE WITNESS:  Yes.

19          THE COURT:  And on page 12 of the guilty plea

20   agreement, if you would go there. There are a number of

21   signatures here including signatures that look to be from the

22   United States Attorney, from Attorney Taylor-Smith, and then

23   the top-left signature appears to be yours.  Is that your

24   signature?

25          THE WITNESS:  Yes.

1    THE COURT:  And did you voluntarily sign this guilty

2  plea agreement?

3    THE WITNESS:  Yes.

4    THE COURT:  Then there -- following that page,

5  there's a three-page acknowledgement of rights.  Did you also

6  review that with Attorney Taylor-Smith?

7    THE WITNESS:  Yes, sir.

8    THE COURT:  And you see that there?  That is also

9  signed.  It appears to be signed by you and Attorney

10 Taylor-Smith.

11    THE WITNESS:  Yes.

12    THE COURT:  And you did sign that, correct?

13    THE WITNESS:  Yes, I did.

14    THE COURT:  And did you voluntarily sign this

15 acknowledgment of rights?

16    THE WITNESS:  Yes, I did.

17    THE COURT:  And again, did you read and discuss the

18 guilty plea agreement and the acknowledgement of rights with

19 Attorney Taylor-Smith before signing it?

20    THE WITNESS:  Yes, I did.

21    THE COURT:  And so as -- just to -- sorry if I'm

22 repeating myself -- Attorney Taylor-Smith fully explained the

23 written plea agreement and the acknowledgement of rights to

24 you.  Is that correct?

25    THE WITNESS:  Yes.

1          THE COURT:  And are you comfortable -- sir, you

2    understand the terms of the guilty plea agreement and the

3    acknowledgement of rights?

4          THE WITNESS:  Yes, I know.

5          THE COURT:  And in your discussions with Attorney

6    Taylor-Smith, did you discuss the maximum possible punishment

7    that you can receive for the offenses for which you are

8    pleading guilty?

9          THE WITNESS:  Yes, I am.

10          THE COURT:  And does the guilty plea agreement in

11    front of you represent, in its entirety, any understanding that

12    you have with the Government?

13          THE WITNESS:  Excuse me?

14          THE COURT:  Is this written guilty plea agreement --

15    does it represent, in its entirety, any understanding that you

16    have with the government?

17          THE WITNESS:  Yes.

18          THE COURT:  Assistant US Attorney Lowe, I'm going to

19    ask now, at this time, that you summarize the terms of the

20    guilty plea agreement.  I'm going to ask you in a few minutes

21    to summarize the facts that the Government indicates it could

22    prove if this case went to trial, but for now, please just

23    summarize the terms of the plea agreement as have been reached

24    by the two sides in this case.

25          MR. LOWE:  Yes, Your Honor.  The Defendant is

1    agreeing to plead guilty to counts 7, 8, and 10 of the

2    Superseding Indictment in this case.  And while I get into

3    this, I just want to put on the record the procedural posture

4    here so that it's very clear.

5            Initially, the Defendant was charged by way of

6    information, and that was, I think, before COVID.  And after

7    COVID, the intended resolution that, at that time, did not

8    happen, and so we had to charge the Defendant by an indictment.

9     At the time we charged him by indictment, we labeled that the

10   Superseding Indictment.

11           So right now, on the docket, there should be an

12   Original Information and a Superseding Indictment.  He's

13   pleading guilty to counts 7, 8, and 10 of the Superseding

14   Indictment in this case.

15           THE COURT:  And then, that raises a good point.  I

16   appreciate that, Counsel.  Do we need to arraign him on the

17   Superseding Indictment?

18           MR. LOWE:  No. He's been arraigned on that before,

19   Your Honor.

20           THE COURT:  Okay.  All right.  Thank you.

21           MR. LOWE:  So in terms of the plea agreement, counts

22   7 and 8 of the Superseding Indictment charge him with mail

23   fraud in violation of 18 USC Section 1341.  And count 10

24   charges him with filing a false tax return in violation of 26

25   USC Section 72061.  He also agrees not to contest forfeiture,

1   as set forth in the notice of forfeiture in this case. And the
2   Government is agreeing to dismiss counts 1 through 6, count 9,
3   and count 11 at the time of sentencing, provided that the
4   Defendant complies with his obligations under the plea
5   agreement.
6          The Defendant also agrees to waive any objection to
7   venue and consents to the filing and disposition of the charges
8   in this case in the Eastern District of Pennsylvania.  He
9   understands that, absent his waiver of venue, venue for the
10  three counts to which he's pleading guilty would likely reside
11  in the Northern District of Texas, the District of Delaware,
12  and/or the District of Nevada.
13         At the time of sentencing, provided that the
14  Defendant comply with all of his obligations, as I've stated,
15  the Government will move to dismiss counts 1 through 6, 9, and
16  11.  The Defendant is agreeing to waive the statute of
17  limitations as to any of those dismissed counts and agrees that
18  if he were to withdraw from or successfully challenge the plea
19  agreement or the guilty plea entered in the case, or if the
20  counts were otherwise reinstated somehow, the statute of
21  limitations and the double jeopardy clause would not bar
22  prosecution on those dismissed counts.
23         The Government has the right to make a sentencing
24  recommendation that it deems appropriate, comment on the
25  evidence, bring any relevant facts to the Court's attention,

1   respond to any questions he raises, or any potential factual
2   inaccuracies also can be corrected.  It should be clear that
3   nothing in the agreement limits the Government's ability to
4   respond to post-sentencing matters.
5            There is a financial obligation section.  That's
6   paragraph 6 of the plea agreement.  The Defendant is agreeing
7   to fully disclose all his income, assets, liabilities, and
8   financial interests.  He agrees to submit a completed financial
9   statement to the US Attorney's office within 14 days, and I
10  believe he's been provided a copy of that statement.  If he
11  hasn't, we'll get it to him.  He authorizes our office to
12  obtain a credit report on him.  He agrees to submit to a
13  financial deposition or interview if we so request.  He agrees
14  not to transfer, assign, expose, remove, conceal, pledge as
15  collateral, waste, or destroy any property he has with the
16  effect of hindering, delaying, or defrauding the United States
17  or the victim in this case.  And he also agrees not to devalue
18  any property he has that's worth more than $1,000 prior to
19  sentencing without the Government's approval.
20           He agrees to execute any documents that we ask him to
21  to help facilitate the transfer of any payments of monetary --
22  of money towards the monetary penalties that will be ultimately
23  imposed in this case.  He understands that if he fails to
24  comply with the financial obligations in paragraph 6, that
25  would amount to a breach of the plea agreement and then the

1    Government has different options.

2            We could void the agreement.  We could argue that he

3    is not entitled to a downward adjustment for acceptance of

4    responsibility.  We could seek to void just the forfeiture

5    portion of the agreement and seek a trial on the forfeiture

6    count before this court.  And if that happened, he agreed to

7    waive any right to jury trial on the forfeiture issues.

8            He also agrees to fully cooperate with the IRS and

9    that that requires him to pay restitution as directed to the

10   IRS by this court in the amount of the determined total tax

11   loss plus interest and penalties.  He agrees to pay any

12   outstanding taxes and interest and penalties within the period

13   of supervised release in the event of custodial sentence or

14   within the period of probation if it's a non-custodial

15   sentence.  And he also agrees to pay any state and local taxes

16   that he has due and owing for those years during the period of

17   supervision.

18           He agrees to execute and deliver various forms that

19   are set forth in sub-paragraph C of that paragraph and make a

20   full disclosure -- financial disclosure to the IRS.  He agrees

21   to provide any written documents to the IRS for the purpose of

22   a civil audit and to sign any IRS forms necessary to -- for

23   them to make an assessment of the taxes that he has due and

24   owing.  He agrees to sign a particular form IRS -- Bless you.

25           MS. TAYLOR-SMITH:  Thank you.

1          MR. LOWE:  -- IRS form 8821 at any time requested

2    until his term of supervision is finished.  He agrees not to

3    file any claim for refunds of taxes, penalties, or interest for

4    tax years 2015 and 2016 or any other amounts paid pursuant to

5    this agreement.  And he understands that all of those terms

6    that I just went through relating to the IRS portion of the

7    plea agreement are appropriate conditions of his supervision.

8          He agrees not to make any objection to the entry of

9    an order under Rule 6(d) permitting the IRS to disclose to the

10   collections division of the IRS the documents that were

11   obtained as part of this criminal investigation.  He does agree

12   to pay a fine and make restitution as directed by this court.

13   He agrees that any amounts that he were to pay prior to

14   sentencing would not be considered extraordinary acceptance of

15   responsibility entitling him to any variance or downward

16   departure.  He agrees to pay the special assessment of $300

17   prior to sentencing.

18         He agrees that, with respect to the forfeiture of

19   assets as set forth in paragraph 11, that he'll forfeit his

20   right, title, and interest in the proceeds of the scheme to

21   defraud as charged in counts 7 and 8 of the Superseding

22   indictment.  And he agrees to the entry of a money judgment in

23   that amount that's determined by the Court.  He agrees to the

24   entry of a preliminary order of forfeiture as soon as possible

25   after the guilty plea, and he understands that forfeiture is

1    part of the sentence in this case.  He agrees to waive any

2    constitutional or statutory or other challenges to the

3    forfeiture.

4            He understands that he cannot withdraw his guilty

5    plea if the Court declines to follow any of the recommendations

6    or stipulations or motions that might be filed or that are

7    otherwise part of this agreement.  And he understands that no

8    one has promised him what sentence the Court will impose.

9            If he commits any other crimes between the date of

10   this agreement and sentencing or if he violates any other

11   provision of the plea agreement, the Government can declare the

12   agreement breached.  And then, we would have various options;

13   one of those, that we could prosecute him for any crime that we

14   otherwise could, including but not limited to perjury or

15   obstruction of justice, and we can use any of the information

16   he gave us during the investigation in this prosecution.  We

17   could reinstate and try any counts that we had agreed to

18   dismiss.  We could be relieved of our obligations regarding any

19   sentencing stipulations or other stipulations in the plea

20   agreement.  And the Government would be the entity that would

21   have sole discretion as to whether to declare a breach and what

22   remedy we want to seek.  There is a standard appellate waiver

23   provision in paragraph 14, which I know the Court will go

24   through.

25           THE COURT:  I will.

1              MR. LOWE:  And he also is waiving his claims under

2       the Hyde Amendment because prior to Ms. Taylor-Smith

3       representing him, the Defendant did have obtained counsel. And

4       so he's waiving any claims under the Hyde Amendment for

5       attorney's fees and other litigation expenses arising out of

6       the investigation or prosecution of this case.

7              He's also waving his rights to obtain any records of

8       the investigation or prosecution of this case, whether under

9       the Freedom of Information Act or the Privacy Act.  Those are

10      the salient terms of the plea agreement, Your Honor.

11             THE COURT:  Thank you for that summary,

12      Attorney Lowe.

13             Mr. Williams, did you completely understand

14      Mr. Lowe's summary of the guilty plea agreement?

15             THE WITNESS:  Yes, I did.

16             THE COURT:  And did the Government correctly and

17      completely summarize the terms of the guilty plea agreement as

18      you understand them?

19             THE WITNESS:  Yes.

20             THE COURT:  And so, do you agree to all of the terms

21      of the guilty plea agreement?

22             THE WITNESS:  Yes, I do.

23             THE COURT:  Attorney Taylor-Smith, did the Government

24      correctly and completely summarize the terms of the guilty plea

25      agreement?

1              MS. TAYLOR-SMITH:  They did, Your Honor.

2              THE COURT:  And, Counsel, did you convey all formal

3   plea offers from the Government to your client?

4              MS. TAYLOR-SMITH:  I did, Your Honor.

5              THE COURT:  Thank you so much.  Mr. Williams, other

6   than the terms of the guilty plea agreement, did anyone promise

7   or offer you anything else to get you to plead guilty?

8              THE WITNESS:  No.

9              THE COURT:  Did anyone use force, violence, or

10  threats to get you to plead guilty?

11             THE WITNESS:  No.

12             THE COURT:  So are you doing this of your own free

13  will because you are guilty?

14             THE WITNESS:  Yes.

15             THE COURT:  And did anyone tell you what to say today

16  or put words in your mouth?

17             THE WITNESS:  No, sir.

18             THE COURT:  Okay.  Sir, do you understand that you're

19  entering a plea to a felony, and if your plea is accepted, you

20  will be then judged guilty of a felony, which may deprive you

21  of valuable rights including the right to vote, hold public

22  office, serve on a jury, possess a firearm, or hold a

23  professional license?

24             THE WITNESS:  Yes.

25             THE COURT:  Sir, are you a United States citizen?

1          THE WITNESS:  Yes.

2          THE COURT:  I have no reason to disbelieve that, but

3   if for any reason you were not a United States citizen, do you

4   understand that as a result of your guilty plea, you could be

5   removed from the United States, you could be denied

6   citizenship, and you could be denied admission to the United

7   States in the future?

8          THE WITNESS:  Yes.

9          THE COURT:  Have you ever been on supervision for a

10  crime before, such as probation, parole, supervised release, or

11  accelerated rehabilitative disposition?

12         THE WITNESS:  Yes, I have.

13         THE COURT:  Do you understand, sir, that if you were

14  on supervision when you committed the offenses to which you're

15  pleading guilty, your guilty plea would be an admission that

16  you violated that supervision?

17         THE WITNESS:  Yes.

18         THE COURT:  And do you understand that a prior

19  conviction can also affect your sentencing guideline range?

20         THE WITNESS:  Yes, I have.

21         THE COURT:  Mr. Williams, I'm going to now advise you

22  of the maximum penalties you could receive from the Court in

23  connection to the offenses to which you are pleading guilty.

24         As to each of counts 7 and 8 charging mail fraud in

25  violation of Title 18 United States Code Section 1341, the

1   maximum sentence is 20 years imprisonment, a three-year period

2   of supervised release, a $250,000 fine, and a $100 special

3   assessment.  As to Count 10 charging filing a false tax return

4   in violation of Title 26 United States Code Section 7206 Sub-

5   section 1, the maximum sentence is three years imprisonment, a

6   one-year period of supervised release, a $250,000 fine, and a

7   $100 special assessment fee.

8           Therefore, the total maximum punishment is 43 years

9   imprisonment with a three-year period of supervised release, a

10  $750,000 fine, a $300 total special assessment fee, and full

11  restitution.  Forfeiture from the proceeds from the offenses

12  may also be ordered.

13          Mr. Williams, do you understand the maximum possible

14  punishment in connection with your guilty plea?

15          THE WITNESS:  Yes, I do.

16          THE COURT:  And do you understand that here in the

17  Federal system, there's no parole, and you must serve the whole

18  time of any imprisonment you are sentenced to?

19          THE WITNESS:  Yes.

20          THE COURT:  Do you understand that if conditions of

21  supervised release are imposed and you violate those

22  conditions, the original term of imprisonment may be increased

23  by up to two years on each of counts 7 and 8 and by one year on

24  count 10, thereby making it possible that you will serve the

25  original sentence plus additional time in prison without credit

1    for time already spent on supervised release?

2                THE WITNESS:  Yes.

3                THE COURT:  Sir, this guilty plea also requires you

4    to forfeit certain property to the Government.  Forfeiture just

5    means that the Government wants to take and keep, sell, or

6    destroy property they claim was used to help commit the

7    offenses in this case or which was derived from the offenses.

8    Do you understand this?

9                THE WITNESS:  Yes, I do.

10               THE COURT:  And do you understand that the Court may

11   also order you to pay any applicable restitution?

12               THE WITNESS:  Yes.

13               THE COURT:  Mr. Williams, do you understand that no

14   one can guarantee you what sentence you will get from me?

15               THE WITNESS:  Yes.

16               THE COURT:  At this point, sir, I do not know what

17   sentence I am going to give you because I have not yet ordered

18   or read a presentence report in your case.  And we have not had

19   the sentencing hearing.  Do you understand?

20               THE WITNESS:  Yes.

21               THE COURT:  Did anyone promise you or suggest to you

22   what sentence you would receive from me?

23               THE WITNESS:  No.

24               THE COURT:  And, sir, do you understand that the

25   offenses to which you are pleading guilty are covered by the

1    advisory sentencing guidelines?

2              THE WITNESS:  Yes.

3              THE COURT:  And have you and Attorney Taylor-Smith

4    discussed how the advisory sentencing guidelines might apply to

5    your case?

6              THE WITNESS:  Yes.

7              THE COURT:  So do you understand that I am required

8    to calculate the sentencing guidelines and to consider those

9    guidelines in determining whether to follow the recommended

10   sentence; however, under the law, I'm not required to follow

11   the sentencing guidelines because they are advisory and not

12   mandatory?

13             THE WITNESS:  Yes.

14             THE COURT:  In addition to the guidelines, I must

15   also consider the sentencing factors enumerated in the United

16   States Sentencing law that refer to as Title 18 United States

17   Code Section 3553(a).  These sentencing factors include but are

18   not limited to the nature and the circumstances of the offenses

19   that you committed, your personal history and characteristics,

20   the need for the sentence to reflect the seriousness of your

21   offenses, the need for the sentence to promote respect for the

22   law, and the need for the sentence to provide just punishment

23   for the offenses.  Do you understand this?

24             THE WITNESS:  Yes, I do.

25             THE COURT:  And, sir, I will also consider a

1   presentence report that a probation officer will prepare which

2   will calculate your sentencing guideline range.  The report

3   will tell me certain things about you and your background.  If

4   you disagree with any of the information in a presentence

5   report, you can contest the presentence report by objecting to

6   it with the probation officer who prepared it.  After that, you

7   can contest the presentence report by objecting to it before

8   me, if necessary.  The Government may also contest the report.

9    Do you understand this?

10           THE WITNESS:  Yes, I do.

11           THE COURT:  And do you understand that your attorney

12  and the Government can agree on facts and make recommendations,

13  motions, and requests at sentencing, but I do not have to do

14  what they ask me to do?

15           THE WITNESS:  Yes, I do.

16           THE COURT:  And do you understand that this guilty

17  plea remains binding on you whether or not I agree with their

18  facts and recommendations and whether or not I grant their

19  motions and requests?

20           THE WITNESS:  Yes.

21           THE COURT:  All defendants, sir, have certain

22  constitutional rights.  I'm going to explain to you those

23  constitutional rights, and I'm also going to explain which of

24  those constitutional rights you will be giving up by pleading

25  guilty.  Do you understand this?

1              THE WITNESS:  Yes.

2              THE COURT:  Mr. Williams, you have the right to plead

3    not guilty and to persist in that plea.  Do you understand?

4              THE WITNESS:  Yes, I do.

5              THE COURT:  You have the right to a trial by a judge

6    or a jury.  If a trial by jury, your jury would consist of 12

7    members and possibly some alternates drawn from the residents

8    of this district, the Eastern District of Pennsylvania.  You

9    and your attorney would be permitted to participate in the jury

10   selection and be present while the jurors are questioned about

11   their potential jury service by the judge or by the lawyers.

12             Sir, you would have the right to challenge, without

13   limitation, any jurors who are not legally qualified to serve

14   on your jury or any jurors who are prejudiced or incapable of

15   fair judgment in your case.  You would also have the right to

16   strike a certain number of jurors without stating a reason.

17   The verdict of the jury would have to be unanimous.  That means

18   that all 12 jurors would have to find you guilty for you to be

19   convicted.  Do you understand these trial rights as I've

20   described them to you?

21             THE WITNESS:  Yes, I do.

22             THE COURT:  Sir, if you went to trial, you would be

23   presumed innocent and the burden would be on the Government to

24   prove your guilt beyond a reasonable doubt.  You would not have

25   to prove your innocence or prove anything at your trial.  Do

1    you understand this?

2              THE WITNESS:  Yes.

3              THE COURT:  And, sir, you would have the right to be

4    represented by a lawyer at your trial and at all critical

5    stages of your proceedings, both before and after trial.  If

6    you could not afford a lawyer, one would be appointed for you.

7     Do you understand?

8              THE WITNESS:  Yes.

9              THE COURT:  You would have the right to obtain a

10   subpoena or a court order to make witnesses come to court to

11   testify on your behalf.  Do you understand this?

12             THE WITNESS:  Yes, I do.

13             THE COURT:  At trial, you would have the right to

14   confront and cross-examine witnesses.  That is the right to be

15   in the courtroom and see, hear, and question the Government's

16   witnesses against you.  Do you understand this?

17             THE WITNESS:  Yes.

18             THE COURT:  You would have the right to challenge the

19   admissibility of the Government's evidence.  That is, to ask

20   the Court to keep out any evidence that violates the United

21   State Constitution, your rights, or the rules of evidence or

22   the rules of criminal procedure.  Do you understand this?

23             THE WITNESS:  Yes.

24             THE COURT:  At trial, you could present evidence, and

25   you alone would decide whether or not to testify as a witness.

1   Do you understand?

2               THE WITNESS:  Yes.

3               THE COURT:  If you were to choose to exercise your

4   constitutional right not to testify or if you were to choose to

5   exercise your right not to present evidence or witnesses, no

6   unfavorable inference can be drawn from that from the jury.  Do

7   you understand this?

8               THE WITNESS:  Yes.

9               THE COURT:  If you plead guilty, sir, there will be

10  no trial, and therefore you will not have any of these rights

11  except that you will still have the right to an attorney.  Do

12  you understand?

13              THE WITNESS:  Yes.

14              THE COURT:  Mr. Williams, if you were found guilty at

15  trial, you could appeal such a finding to a higher court that

16  could set aside or modify the finding of guilt or give you a

17  new trial.  There would be a time limitation under which you

18  would have to file an appeal or seek collateral review.

19              However, sir, by signing the guilty plea agreement

20  and by entering a plea of guilty, you are voluntarily and

21  expressly waiving all rights to appeal or collaterally attack

22  your conviction, sentence, or any other matters related to this

23  prosecution.  As a part of this waiver, you are expressly

24  waiving the right to argue that the statutes to which you are

25  pleading guilty are unconstitutional and that the admitted

1  conduct does not fall within the scope of this statute.  This

2  waiver applies if I accept the recommended sentence and also in

3  the event that I do not accept any recommended sentence, but

4  you still agree to plead guilty.

5         Notwithstanding this waiver, if the Government

6  appeals from the sentence, then you, sir, you may file a direct

7  appeal of your sentence.  But if the Government does not appeal

8  the sentence, there are very few issues that you may raise a

9  direct appeal or collateral attack.

10        You would be able to argue that your sentence exceeds

11 the statutory maximum of the offenses.  You may challenge a

12 decision by me to impose an upward departure pursuant to the

13 sentencing guideline or an upward variance above the final

14 sentencing guideline range determined by me, and you may argue

15 that your lawyer did not provide effective assistance of

16 counsel to you.  Do you understand, sir, this appeal and

17 collateral attack waiver under the guilty plea agreement?

18        THE WITNESS:  Yes.

19        THE COURT:  Sir, in order to prove you guilty of the

20 offenses to which you are pleading guilty, the Government would

21 have to prove beyond a reasonable doubt each of the elements of

22 the offenses to which you are pleading guilty.  I'm now going

23 to advise you of those elements.

24        As to counts 7 and 8, to establish mail fraud, the

25 Government must prove beyond a reasonable doubt the following

1    elements: 1, that you, the Defendant, knowingly devised a

2    scheme to defraud, that is, to deprive another of money or

3    property by fraud including by false or fraudulent pretenses,

4    representations or promises, or omissions concerning material

5    fact; 2, that you, the Defendant, did so with the intent to

6    defraud; and 3, that in advancing, furthering, or carrying out

7    this scheme, you used the mails or caused the mails to be used.

8          As to count 10, to establish filing a false income

9    tax return, the Government must prove beyond a reasonable doubt

10   the following five elements: 1, that you, the Defendant, made

11   or subscribed an income tax return or other document; 2, that

12   the tax return contained a written declaration that is made

13   under the penalties of perjury; 3, that the tax return was

14   false regarding a material matter; 4, that you, the Defendant,

15   did not believe the tax return was true and correct as to every

16   material matter; and 5, that you, the Defendant, acted

17   willfully.

18         Mr. Williams, do you understand the elements and the

19   offenses as I have explained them to you?

20         THE WITNESS:  Yes, I do.

21         THE COURT:  And sir, do these elements correctly

22   describe what you did on the occasion of these offenses?

23         THE WITNESS:  Yes, Your Honor.

24         THE COURT:  Sir, at this point, I'm going to ask

25   Assistant to the United States Attorney Lowe to summarize the

1   facts that the Government could prove if this case were to go

2   to trial.  Mr. Williams, would you please do so at this time?

3           MR. LOWE:  Your Honor, the guilty plea memorandum

4   that we filed -- as Your Honor pointed out earlier, we had

5   amended it, both parties, at page 9.  So the factual basis

6   starts at page 4, and it proceeds through page 9.  And the last

7   paragraph of the factual basis is on page 9.  We struck the

8   sentence that started with the words "as a result."

9           So with that striking, the entire factual basis now

10  of this guilty plea memo, I ask that it be incorporated, both

11  the factual basis itself and the guilty plea memo itself, into

12  this proceeding.  Ms. Taylor-Smith had asked me if we could

13  proceed in this manner rather than just reading the entire

14  factual basis.

15          It is my understanding that the Defendant has

16  thoroughly read the factual basis that I just mentioned and

17  agrees to admit that we could prove those facts and that they

18  are true and correct.

19          THE COURT:  And I'm willing to do that,

20  Attorney Lowe.  Let me just check with Mr. Williams on a couple

21  things.  You -- I'm sorry.  I didn't see you stand Attorney

22  Taylor-Smith.

23          MS. TAYLOR-SMITH:  That's okay, Your Honor.  I was

24  just going to agree with Mr. Lowe that, in fact, we went over

25  the factual basis and there was a change made as a result of

1  that after conferring with Mr. Williams.

2          THE COURT:  And there's initials on the original.

3  Whose initials are those?

4          MS. TAYLOR-SMITH:  Those initials would be Mr. Lowe's

5  initials and my initials.

6          THE COURT:  And your initials.  And, Mr. Williams,

7  were you privy to that change where they struck that sentence

8  from the factual basis for the guilty plea agreement?

9          THE WITNESS:  Yes.

10          THE COURT:  And you agreed with that?

11          THE WITNESS:  Yes.

12          THE COURT:  And, sir, frequently, at guilty plea

13  agreements, we would read these five pages into the record.

14  It's my understanding that you have read these yourself and

15  with your counsel, these pages, correct?

16          THE WITNESS:  Yes.

17          THE COURT:  Is that fair to say?

18          THE WITNESS:  Yes.

19          THE COURT:  And you're satisfied if we don't read

20  them aloud but I just incorporate what is in the guilty plea

21  agreement and the guilty plea memo, including the facts that

22  have been stated or listed in that memo?

23          THE WITNESS:  Yes.

24          THE COURT:  Okay.  And you're also fine with that,

25  Attorney Taylor-Smith?

1      MS. TAYLOR-SMITH:  Yes, Your Honor.  I would just

2   like to point out my client has admitted or, when the Court

3   formally takes a plea, will have admitted to the facts in those

4   cases.

5      There is going to be an issue, however, at sentencing

6   as to the loss amount.  And so, the Government will be making

7   its presentation, and I will be making my presentation as to

8   that.

9      THE COURT:  And I anticipated that because I could

10  see the line that was struck out dealt with that very issue.

11     MS. TAYLOR-SMITH:  That's correct.

12     MR. LOWE:  And Your Honor, I would just ask that the

13  Court inquire of Mr. Williams if he admits to the factual basis

14  that's stated herein.  And I would also agree with Ms. Taylor-

15  Smith that loss will be contested.  And I also made a very

16  concerted effort, particularly with respect to the fraud

17  counts, to not include loss figures because I know Mr. Williams

18  is going to make a presentation on what he thinks the loss

19  amount is, and we will do the same.  So, I don't believe

20  anything in there obligates him to any loss figures with

21  respect to Cisco.

22     MS. TAYLOR-SMITH:  That's correct, Your Honor.

23     THE COURT:  All right.  Thank you.  And I'm --

24  Mr. Williams, you understand that -- what Mr. Lowe said that

25  you are preserving certain arguments for the time of

```
 1    sentencing?

 2              THE WITNESS:  Yes.

 3              THE COURT:  However, with the -- with that

 4    qualification and with the language stricken from the guilty

 5    plea memo, do you fully admit to the facts that remain in that

 6    memo?

 7              THE WITNESS:  Yes.

 8              THE COURT:  Okay.  And so, sir, at this time, is it

 9    your wish to formally enter a plea of guilty to counts 7, 8,

10    and 10 of the Superseding Indictment?

11              THE WITNESS:  Yes, Your Honor.

12              THE COURT:  And sir, are you pleading guilty because

13    you admit that you are actually guilty of committing the

14    offenses listed in counts 7, 8, and 10 of the Superseding

15    Indictment?

16              THE WITNESS:  Yes, Your Honor.

17              THE COURT:  On either side, Counsel, are there any

18    requests for any changes or any additions to our guilty plea

19    colloquy this afternoon?

20              MR. LOWE:  Not from the Government, Your Honor.

21              MS. TAYLOR-SMITH:  Not from the Defense.

22              THE COURT:  Thank you, Counsel.  Ms. Stein, would you

23    please take the defendant's plea?

24              THE CLERK:  Jerel Andre Williams, you have been

25    charged in Superseding Indictment No. 20-143 charging you in
```

1   counts 7 and 8 with mail fraud in violation of Title 18 United

2   States Code Section 1341 and in count 10 with filing false tax

3   return in violation of Title 26 United States Code Section

4   72061.  How do you plead now to these charges, guilty or not

5   guilty?

6           THE WITNESS:  Guilty.

7           THE CLERK:  Thank you.  Please be seated.

8           THE COURT:  The Court makes the following findings:

9   the Defendant, Mr. Williams, is fully alert, competent, and

10  capable of entering an informed plea, and this plea is a

11  knowing and voluntary plea supported by an independent basis in

12  fact, containing each of the essential elements of the offenses

13  to which the Defendant has pled guilty.  Mr. Williams's plea of

14  guilty is therefore accepted, and he is now judged guilty of

15  these offenses.

16          As I mentioned a few minutes ago, a presentence

17  report will be prepared by a United States probation officer,

18  and Mr. Williams will be required to provide information to

19  assist that officer.  Mr. Williams may have a lawyer present

20  while answering questions from the probation officer.  When the

21  presentence report is complete, both the Defendant and his

22  counsel shall review it together.  Mr. Williams shall

23  immediately notify his counsel of any objections that he may

24  have to the presentence report, and counsel shall notify the

25  probation officer of any such objections within 14 days of

1   receipt of the report as required under the rules of criminal

2   procedure.  Do you understand this, Mr. Williams?

3          THE WITNESS:  Yes, I do.

4          THE COURT:  And Attorney Taylor-Smith, will you meet

5   with your client to review the presentence report once it is

6   complete?

7          MS. TAYLOR-SMITH:  Yes, Your Honor.

8          THE COURT:  We have set -- scheduled sentencing for

9   Tuesday, November 1, 2022, 9:30 in the morning in this

10  courtroom.  Counsel are advised that any sentencing motions and

11  supporting memoranda must be filed at least 14 days prior to

12  the sentencing date, and any responses thereto must be filed at

13  least seven days before the sentencing date.  It does sound

14  from counsel that we may be getting those types of motions

15  prior to sentencing in this case.  All sentencing memoranda,

16  exclusive of motions, must be filed at least seven days prior

17  to our sentencing date, and any responses thereto must be filed

18  at least three days prior to the sentencing date.  Counsel

19  shall serve a copy of all sentencing motions and sentencing

20  memoranda on the United States probation office.

21          Attorney Lowe, I understand that the Government is

22  not seeking detention at this time.

23          MR. LOWE:  That's correct, Your Honor.  He's been

24  fully compliant with his release conditions.  We have no

25  objection to him remaining on bond pending sentencing.

1           THE COURT:  And that's consistent with my review of

2    the pretrial services report.  And again, I thank you for that,

3    Mr. Stroup.  That was very helpful for us.

4           MR. STROUP:  Yes, Your Honor.

5           THE COURT:  I also note, and please correct me if I'm

6    wrong, that Mr. Williams walked in voluntarily through the

7    front door of this courtroom, in fact after significant travel

8    to get to this courthouse.  And I do not see any reason that he

9    is a risk of danger to the community, nor does he pose a

10   significant risk of nonappearance.  So I also agree that he

11   should walk out the same door that he walked in here today.

12          So, Mr. Williams, to ensure the safety of the

13   community and your appearance at sentencing, you will remain on

14   the $50,000 own recognizance bond that has been previously set,

15   and so the same conditions remain in effect.  Though I do want

16   to go through those, and Ms. Stein, my deputy, will have some

17   documents for you to sign.  But you are to report as directed,

18   continue to do so as you've been doing, to the United States

19   pretrial services.  If you have a passport, you must surrender

20   that for the time being, or if you do not have one, you may not

21   now apply for one until these proceedings have been completed.

22    Do you understand these conditions?

23          THE WITNESS:  Yes.

24          THE COURT:  Your travel is restricted to the Eastern

25   District of Pennsylvania and the state of Texas.  Any other

1    travel is possible, but it must be approved in advance by

2    pretrial services.  Do you understand?

3              THE WITNESS:  Yes.

4              THE COURT:  Do you understand that you must surrender

5    any firearms or dangerous weapons and must not possess any

6    firearms or dangerous weapons as a strict condition of your

7    release?

8              THE WITNESS:  Yes.

9              THE COURT:  You are not to have contact with any

10   individuals engaged in any criminal activity.  You are not to

11   have contact with any of the victims, witnesses, or co-

12   defendants in the case.  If you're unsure whether someone is a

13   victim, witness, or co-defendant, please consult with Attorney

14   Taylor-Smith.  Do you understand?

15             THE WITNESS:  Yes.

16             THE COURT:  You must maintain or actively seek

17   gainful employment.  Do you understand this?

18             THE WITNESS:  Yes.

19             THE COURT:  Do you have any questions, sir, about the

20   conditions upon which you're being released?

21             THE WITNESS:  No, I do not.

22             THE COURT:  Sir, I have to advise you, and it's very

23   important, that the penalties for violating any of the

24   conditions of bail can be severe.  And a failure to appear as

25   required for sentencing is itself a criminal offense for which

```
 1   you could be sentenced to imprisonment.  You understand that,
 2   sir?
 3             THE WITNESS:  Yes, I do.
 4             THE COURT:  Is there anything else to come before the
 5   Court this afternoon before we adjourn in this matter?
 6             MR. LOWE:  Not from the Government, Your Honor.
 7             MS. TAYLOR-SMITH:  Not from the Defense.
 8             THE COURT:  Okay.  Well, thank you, counsel, agents.
 9    Thank you, Mr. Williams.  I wish you a safe return trip, at
10   least as for now.  We'll see you again in November.  Okay.
11             THE WITNESS:  Thank you.
12        `    MR. LOWE:  Thank you, Your Honor.
13             MS. TAYLOR-SMITH:  Thank you.
14             THE COURT:  Thank you, everybody.
15             THE CLERK:  Court is adjourned.
16                           *  *  *  *  *
```

C E R T I F I C A T E

        I, court approved transcriber, certify that
the foregoing is a true and accurate complete
transcript from the official electronic sound
recording of the proceedings in the above-entitled
matter.


_____          November 22, 2022
    Neal R. Gross

**NEAL R. GROSS**

COURT REPORTERS AND TRANSCRIBERS

1716 14TH ST., N.W., STE. 200

(202) 234-4433          WASHINGTON, D.C.  20009-7831          www.nealrgross.com